[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in 1986 purchased an above ground pool from the defendant. In this action, the plaintiff alleges that the defendant a) violated the Connecticut Unfair Trade Practices Act in connection with such sale; b) breached its contractual agreement with plaintiff; c) breached implied warranties concerning the pool which was the subject of the transaction and d) negligently performed its obligations under the contract.
The plaintiff, Mrs. Vezina, testified that she responded to an advertisement placed by the defendant (Plaintiff's Exhibit #1); CT Page 3886 and was subsequently visited by Scott Zirkus a sales representative of the defendant. The plaintiff claimed that Mr. Zirkus made representations concerning: a show place installation; special air circulation system which would keep aluminum deck cool; service within two days, a prorated transferable warranty and a bowled center (or a dug out deeper middle of the pool).
Plaintiff complains that she received no special installation, air circulation system, service within 2 days, or bowled center. Many of these items are not reflected in the contract between the parties (Exhibit #3). Plaintiffs also claim that the skimmer leaked because of improper installation.
The plaintiff introduced expert testimony from an experienced pool installer that the skimmer was initially improperly installed; and that as a result of such installation, the side of the pool was damaged. He also testified as to errors in installation and the costs of repair (Exhibit #19).
Plaintiffs claim that as a result of the skimmer problems and other defects, the pool has not been used by them since July, 1988.
Plaintiffs produced a final rebuttal witness, Mrs. Green, who indicated that she had been a frequent visitor to the plaintiffs' home but never observed the pool in use after July 4, 1988.
The defendant produced testimony from its operations manager, Rudy Horne and a pool installer expert, Robert Florio.
Mr. Horne testified that his company never agreed to any special showcase installation, service within two days, or any special air circulation system.
He further indicated that Mr. Zirkus was an independent contractor distributor; no longer connected with defendant and a resident of North Carolina.
Mr. Horne established that the warranty was from the pool manufacturer to the retail customer, with the defendant picking up the limited warranty as to a subsequent owner of the pool.
Mr. Horne inspected the pool and found it functional and free of defects.
Mr. Florio, who also inspected the pool, found it free of defects and believed that the skimmer was properly installed.
The defendants also introduced photographic exhibits supporting their testimonial evidence that the wall of the pool CT Page 3887 was not corroded or damaged.
The court finds that the subject pool was and is essentially serviceable and functional. Any inaccurate representations of Mr. Zirkus were not material in view of the express provisions of the parties' contract (Exhibits 3, and A).
The plaintiffs had the burden of proving their claims by a preponderance of the evidence. In nearly all respects, the plaintiffs failed to meet that burden.
The plaintiffs did prove that they were entitled under their contract to a bowled center. The value of such feature is, under the circumstances of this case, measurable by the cost to defendant of providing such feature. The court finds such cost to be $250 and awards plaintiffs damages in that amount.
The verdict of this court is as to the first count for the defendants. For the plaintiffs, on the second count in the amount of $250. For the defendant on the third and fourth counts.
Costs and interest are not awarded as to either party.
McWEENY, J.